A. HISE, Appellant, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellee.

Telegraphs: NEGLIGENT TRANSMISSION. It is negligence on the part of a telegraph company to erroneously designate the name of the addressee of a message in transmitting the same.

Same: NEGLIGENCE OF ADDRESSEE'S AGENT. Under the evidence disclosed by the record it is held that the question of whether the negligence of the addressee's agent, in failing to designate the correct place for the delivery of a message, was a question of fact and a directed verdict for defendant on that question was erroneous.

Same: RECOVERY OF DAMAGES. The negligence of a telegraph company in failing to deliver to a real estate broker a message announcing a prospective purchaser, to whom he might have made a sale, is not excused by reason of the fact that he subsequently sold the land to another at a greater profit.

*Appeal from Washington District Court.*— HON. B. W. PRESTON, Judge.

TUESDAY, NOVEMBER 19, 1907.

REHEARING DENIED MONDAY, FEBRUARY 17, 1908.

ACTION at law to recover damages for failure to deliver telegram. There was a directed verdict and judgment for defendant and plaintiff appeals.— *Reversed.*

*S. W.* and *J. L. Brookhart,* for appellant.

*H. M. Eicher* and *J. Carskadden,* for appellee.

WEAVER, C. J.— The wife of the plaintiff owned a tract of land in Iowa which he alleged she authorized him to sell at a price of not less than $5,760, and to retain as commission all which he might realize from such sale over

and above the sum named. After this authority had been conferred upon plaintiff, he went to Madison, S. D., for a time, leaving an agency to find a suitable purchaser for the land with the real estate firm of B. F. Dixon & Co. The evidence tends to show that on October 10, 1903, and while plaintiff was still at Madison, Dixon delivered the following message to the defendant company to be transmitted over its lines: "To Aaron Hise, Creamery, Madison So. Dak. Am offered sixty two hundred for your eighty March first, Answer at once. B. F. Dixon." There was a creamery at Madison, but plaintiff was not, and never had been, employed there. He was in fact employed at an egg packing establishment some distance from the creamery. The message was delivered in due time at the defendant's Madison office, but the name of the addressee had by some error been changed to "Aaron Sire," instead of "Aaron Hise." Inquiry by a messenger at the creamery failed to develop any person to whom a delivery of the message could be made, and the employés in the telegraph office claim to have made other search without avail. Plaintiff had no knowledge of the existence of the telegram until about October 20, 1903, when he received a letter from Dixon inquiring the reason of his silence concerning the proposed sale, and meanwhile it appears that the customer found by Dixon had recanted, and the sale failed of consummation. After the occurrences which we have recited, and since the beginning of this suit, plaintiff made sale of the land at $80 per acre, realizing a profit of $200 over that which he would have received had he sold upon the offer reported to him by Dixon. He alleges, however, in his petition, and testifies as a witness, that, if the telegram had been delivered promptly, he would have authorized Dixon to complete the sale, by which he would have realized a profit of $440. The person to whom the proposed sale was to be made testifies that he was then ready, able, and willing to take and pay for the land at the price named.

At the close of the testimony, defendant moved for a directed verdict in its favor, on the ground that the plaintiff had failed to show any damage resulting to him by reason of error in the telegram, and because the evidence disclosed without contradiction that the telegram was misdirected to the creamery at Madison, instead of to the egg house where plaintiff was employed, which error on part of plaintiff's agent contributed to the failure to deliver the message. Other grounds were assigned for the motion but are without support in the record. The court directed a verdict for the defendant, and plaintiff appeals.

That the telegraph company was negligent in the transmission of the message is beyond question, and the evidence is sufficient to justify a verdict that by reason of the failure to deliver the message plaintiff lost a sale from which he would have received a substantial profit. The only plausible objection to his right to have his claim for the recovery of damages passed on by a jury is: First, that the negligence of his agent in directing the message to the creamery at Madison, instead of to the butter and egg house at the same place, contributed to plaintiff's failure to receive the message; and second, that plaintiff suffered no damage because he thereafter made a sale of the same property in which he received a greater profit than he would have obtained had the offer of the first purchaser found by Dixon been accepted.

1. Telegraphs: negligent transmission.

As to the first proposition, we think the record presents a clear case for the jury. Had the name of the addressee in this telegram been correctly transmitted, and the message been promptly delivered to and left at the creamery, the defendant would doubtless have been without blame had it never reached the person for whom it was intended. Had it been so delivered, properly addressed, there is evidence tending to show that plaintiff was known to persons in charge of the creamery and would in all probability have been informed of the exist-

2. Same: negligence of addressee's agent.

ence of the message. Again, while the defendant offered evidence tending to show inquiry by its messenger at the post office in Madison to discover the address of the person to whom a delivery of the message could be made, the clerks in charge of the office testifying in behalf of the plaintiff says that they then knew plaintiff by his own proper name of A. Hise, and, had the message been deposited in the post office so directed, it could have been delivered to the proper person, or, if inquiry had been made for him by his proper name, information as to his place of business would have been given. Under such circumstances, the court cannot say, as a matter of law, that the negligence or mistake of plaintiff or of his agent contributed in any degree to his failure to receive the message.

The second objection is, also, unavailing. Plaintiff was not selling his own land, and the rule which holds that damage may not be recovered from the purchaser for refusing to carry out his contract of purchase, if another person stands ready to take the property at the same or a greater price, has here no application. The plaintiff's relation to the proposed sale was that of agent merely, and his interest therein was measured solely by the commission or margin reserved under his agreement with the holder of the title. Had the message been delivered to him, and he had accepted the offer therein communicated, his profit would have been earned, and the mere fact that by further effort thereafter made, and after the commencement of this action to recover damage because of the loss of said sale, he succeeded in finding another buyer to take the property, would in no manner affect the right of action which had already accrued in his favor. Whatever profit he may have received by reason of finding a second purchaser was his legitimate compensation for the effort made in bringing such purchaser and the seller together, and was not in any sense of the term for his services with respect to the sale which was lost through the defendant's alleged negligence. The

**3. Same:** recovery of damages.

foregoing propositions are too clear and elementary to call for citation of authorities or for extended argument.

The trial court was in error in directing a verdict for defendant, and the case must be remanded for a trial upon its merits.

The judgment appealed from is *reversed*.